SALLIE W. DUERSON, ET AL., *v.* W. W. GARDNER, ET AL.

**Mortgage—Pleading.**

Where a mortgage is acknowledged by a married woman in accordance with the statute, and when its contents have been explained to her by the officer before whom acknowledged, before she can have such mortgage canceled she must aver and prove facts showing that it was not read and explained, or that it was not acknowledged, or other facts to avoid the instrument.

**Pleading.**

If it appears that the wife had no power to divest herself of title, facts should be pleaded setting up such want of power.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 5, 1875.

OPINION BY JUDGE PRYOR:

It is made to appear from the petition of appellant that the creditors of the bankrupt have an interest in the proceeds of the note in controversy; and the bankrupt court having assumed the jurisdiction, and undertaken to administer for the benefit of creditors, and to make distribution, we see no reason for the state court to interfere in order to determine who of the bankrupt creditors are entitled to it. They are, in fact, in the bankrupt court, and a state court, upon such a state of case, will not entertain or assume the jurisdiction.

There is nothing in the petition manifesting a right on the part of appellant against the assignee in bankruptcy, or the creditors of the bankrupt. It is alleged that the note was delivered to Parks, and afterwards a mortgage executed by the husband and wife upon the wife's note, to secure certain debts, when the real object was to receive other debts, and have conveyed to the wife certain estate as a consideration for the note to the extent the proceeds were applied. The allegation that the mortgage was obtained by fraud will not suffice. The wife has acknowledged a writing in accordance with the provisions of the statute, when its contents have been explained to her by the officer taking the acknowledgment; and before her petition to cancel such an instrument can be entertained, she must allege and prove facts showing that it was not read and explained to her, or that she never acknowledged it, or other statements that, if true, would avoid the effect of the instrument. The legal presumption is that she signed the mortgage and acknowledged it in the manner

prescribed by law, and the allegation that it was obtained by fraud and misrepresentation is not sufficient to negative such a presumption.

The facts should be stated. Parks may have made the representation, yet if the wife executed a mortgage for other purposes than those originally intended, read and explained to her by the clerk, it is certainly binding on the wife. If it appeared that the wife had no power to divest herself of title, such allegations would be necessary, as an acknowledgment before the clerk could not make it a valid instrument. The allegation that it was or is the wife's separate estate will not do; the facts should be alleged showing how this separate estate was created in an attempt to negative the right of the wife to mortgage it. If the note was executed to the wife for the proceeds of her land, she had the power, in conjunction with her husband to mortgage it, unless there was such a separate estate in the land, or one created as to the note, so as to prevent the husband and wife from disposing of it; and if so, the facts should be stated, that the court may determine the question.

There is, therefore, nothing in the petition showing that creditors of the bankrupt or the assignee have no right to the note. If a bankrupt transfers the property of another to his assignee without the consent of the party owning it, then in possession and claiming to hold as against the rightful owner, he may be sued in any court having jurisdiction over the parties and the subject-matter of the action. The mortgage is not part of the record, but the conclusion cannot be that it was signed and acknowledged by the husband and wife. If it appeared that the note had accomplished its purpose, and there was a balance due the appellant in the hands of the assignee, the state court, unless there was some other defense than that he has assigned, would compel him to pay it over. Nothing of this sort appears.

Judgment *affirmed.*

*D. W. Sander, Pirtle & Caruth, for appellants.*
*A. Barnet, for appellees.*